UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80591-CIV-HURLEY/HOPKINS

**SONIC MOMENTUM B, LP**
**d/b/a MOMENTUM BMW,**

    **Plaintiff,**

v.

**MOTORCARS OF DISTINCTION,**
**INC., et al.,**

    **Defendants.**
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

    **THIS CAUSE** is before the Court upon Madelyn, Inc., d/b/a United American Lien and Recovery Corporation's ("United's") motion to dismiss counts one and two of Plaintiff's complaint [DE # 13]. Plaintiff responded [DE # 18], and United replied [DE # 28]. Having reviewed the motion and the record, the Court will deny the motion to dismiss.

**I.  BACKGROUND**

    This case involves title to a 2003 Ferrari 360 Spider. The facts will be recited as alleged in the Complaint in accordance with the standard applicable to a motion to dismiss. In summary, the vehicle was at one time owned by Gustan Cho. Some time in 2009, Cho surrendered possession of the vehicle to Piero Navarro, owner of Motorcars of Distinction, Inc. and Motorcars of Distinction Maintenance, Inc. (collectively, "Motorcars"), for the purposes of either repairs or arranging a sale. Cho later lawfully retook possession of the vehicle. However, Navarro and Motorcars either generated a false invoice for repairs or added improper storage charges to a legitimate invoice for repairs in order to establish a basis for a mechanic's lien on the vehicle. At the time Navarro asserted

the existence of and foreclosed on the mechanic's lien, neither Navarro nor Motorcars were in possession of the vehicle as required by Florida Statute § 713.74.[1] Thus, the lien was legally and factually fictitious.

Through the services of United, Navarro and Motorcars were able to execute an improper power of attorney over the vehicle, prepare invalid notices, hold a fake auction at which Motorcars purchased the vehicle (for which proper notice was not given), prepare a false affidavit attesting to the auction (which did not comply with regulations requiring identification of Motorcars as the purchaser and verification by Motorcars), supply false notices to the Florida Department of Motor Vehicles (including a false odometer disclosure statement), and finally to obtain new title ("Florida title") to the vehicle. At no time throughout this process did Navarro or Motorcars possess the vehicle, and until November 24, 2009, Cho continued to hold valid Illinois title. On November 24, 2009, Cho sold the vehicle and surrendered the Illinois title to the Texas Department of Motor Vehicles, which issued new title ("Texas title") without knowledge of the fictitious mechanic's lien, auction, or Florida title.

In July 2010, Plaintiff received the vehicle in trade and obtained Texas title, which reflected sole ownership free and clear of any liens. However, in December 2010 Navarro used the invalid Florida title to enlist Texas law enforcement to take possession of the vehicle away from Plaintiff. Then, Motorcars and Navarro transferred the vehicle to Robert A. Cope, who paid $30,122.50 in cash and traded another automobile worth $51,445.00 for the vehicle. Cope currently possesses the

---

[1] "There shall be no lien upon personal property as against purchasers and creditors without notice unless the person claiming the lien is in possession of the property upon which the lien is claimed. The lien shall continue as long as the possession continues, not to exceed [three] months after performance of the labor or furnishing the material." Fla. Stat. § 713.74 (2011).

vehicle.

Plaintiff then instituted this action on May 20, 2011 against Motorcars, Navarro, United, Cho, and Cope hoping to regain title and possession of the vehicle. Specifically, Plaintiff seeks declaratory relief pursuant to 22 U.S.C. § 2201,[2] damages against Motorcars, Navarro, and United for civil conspiracy to commit conversion, and treble damages and attorney's fees against Motorcars and Navarro for civil theft, violation of Florida's Deceptive and Unfair Trade Practices Act, violation of the Federal Odometer Act, and pursuant to Florida's Civil Remedies for Criminal Practices Act. The car has a present estimated value of $105,139.00.

## II. JURISDICTION

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and is authorized to grant declaratory relief pursuant to 28 U.S.C. § 2201. Venue is proper in this Court under 28 U.S.C. § 1391(a).

## III. DISCUSSION

Plaintiff's claims that apply to United are count one for declaratory judgment (including a request for damages) and count two for damages for civil conspiracy to commit conversion. United has moved to dismiss both of these counts.

Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss, a complaint must contain factual allegations that "raise a

---

[2]Specifically, Plaintiff seeks a declaration by the Court as to the rights to the vehicle, the legitimacy of the Florida and Texas titles, the validity of Motorcars' mechanic's lien, the validity of the public sale, and the liability of Motorcars, Navarro, United, and Cho to Plaintiff. Plaintiff also seeks other relief under § 2201, including an order directing Cope to tender the vehicle to Plaintiff, damages against Navarro, Motorcars, United, or Cho, and any further relief the Court deems proper.

reasonable expectation that discovery will reveal evidence" in support of the claim and that plausibly suggest relief is appropriate. *Id.* On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### A. Declaratory Judgment

The declaratory judgment is a relatively recent judicial innovation whereby a party may seek to have a dispute resolved before the controversy has ripened to the point that an affirmative or coercive remedy is necessary. For example, a manufacturer wishing to produce a device subject to a patent that the manufacturer believes is invalid may be able to resolve the controversy by seeking declaratory judgment as to the patent's validity rather than acting on its belief that the patent is invalid and risking liability for infringement. *See generally, e.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007). The purpose of the Declaratory Judgment Act, which empowers federal courts to provide declaratory judgment as a remedy, is therefore to give courts more flexibility in resolving disputes free from traditional restrictions that were at times inefficient and subject to abuse. Accordingly, declaratory judgments have been used to avoid unnecessary accrual of damages, to allow would-be defendants to settle potential liabilities without waiting for a plaintiff to decide to commence an action, *see, e.g.*, *Mine Safety Appliance Co. v. Energetics Sci., Inc.*, 416 F. Supp. 530

(S.D.N.Y. 1976), and to avoid the inefficiencies and burdens of a multiplicity of simultaneous actions. *United Food & Commercial Workers v. Food Employers Council*, 827 F.2d 519, 524 (9th Cir. 1987); *see also* 10B Wright, Miller & Kane, *Federal Practice and Procedure* § 2751 (3d ed. 2004). In keeping with its purposes of increasing flexibility, the Declaratory Judgment Act gives courts broad discretion to determine when to utilize this "remedial arrow in the district court's quiver." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

In the instant action, Plaintiff requests that the Court render declaratory judgment to resolve a number of controversies that have arisen out of the circumstances set out above. Specifically, Plaintiff's complaint seeks a declaration regarding:

- the existence and validity of the mechanic's lien, including the propriety of the notices thereof;

- the propriety of the of the public sale, including the notices and publication thereof and the corresponding compliance certificate and report of sale;

- the propriety of the new Florida title, including Defendants' presentation of an application for new Florida title rather than transfer of the existing Illinois title and their failure to seek surrender or branding of the Illinois title; and

- the knowledge of Cho regarding the conflicting claims of ownership, particularly at the time Cho sold the vehicle in Texas.

Pursuant to these declarations, Plaintiff also requests an order, *inter alia*, determining the liability of Motorcars, Navarro, Cho, and United, awarding damages against them, and directing Cope tender the vehicle to Plaintiff.

United, meanwhile, argues that declaratory relief is inappropriate in these circumstances for

a variety of reasons. Among them, United argues that the declarations Plaintiff seeks, even if granted, would not result in a damage award against United, that the underlying dispute is too factual to be resolved through declaratory judgment, and that declaratory relief in this case would require adjudication of past conduct, which conflicts with the Declaratory Judgment Act's purpose of settling controversies before they ripen into violations of law.

Regarding United's first argument, the Court cannot say that Plaintiff's allegations would never entitle it to a damage award against United as part of its action for declaratory judgment. The Declaratory Judgment Act empowers courts, in conjunction with a judgment or decree, to provide any "[f]urther necessary or proper relief," 28 U.S.C. § 2202, which has been held to include an award of damages. *See, e.g.*, *Security Ins. Co. of New Haven v. White*, 236 F.2d 215, 220 (10th Cir. 1956). As for United's contention that the "heavily factual" nature of the instant dispute renders it beyond the scope of the Act in light of its purpose to resolve controversies before they ripen, the Court is unpersuaded that this concern is a grounds for dismissal. Whether through declaratory judgment or more traditional forms of relief, the Court is capable of resolving even heavily factual disputes. United's final argument, which discusses the prospective rather than retrospective nature of declaratory relief, merits further discussion below, but in any event the factual intensity of this case does not have any bearing on whether this action conforms to the Act's purposes.

Lastly, United argues that Plaintiff's claim for declaratory judgment should be dismissed because it seeks to adjudicate past conduct rather than to determine rights prior to any actual violations of law and therefore does not serve the purposes the Act was designed to achieve. Indeed, United is correct in pointing out that Plaintiff has alleged that a great many violations have already occurred but has not identified those it expects to ripen in the absence of the Court's intervention.

The Court remains unaware of any unaccrued damages that may be avoided by granting declaratory judgment.

However, in addition to the goal of preventing unaccrued damages, declaratory judgments can also be used to simplify litigation and avoid multiplicity. *United Food*, 827 F.2d at 524. In the instant case, the declaratory judgment approach may simplify the proceedings by allowing the Court to resolve title to the vehicle at once rather than addressing each step of the scheme alleged in the complaint and each individual who played a role in the scheme individually. Although many cases hold that declaratory judgment actions are inappropriate to adjudicate past conduct, these cases tend to uphold a court's decision not to allow a declaratory judgment claim rather than to suggest that a court is barred from allowing such a claim. *See, e.g.*, *Corliss v. O'Brien*, 200 Fed. Appx. 80, 84-85 (3d Cir. 2006) (upholding a district court's decision to dismiss a declaratory judgment action). These cases also often address uses of declaratory judgment that would circumvent special statutory proceedings designed to handle particular types of claims. *See, e.g.*, *The New York Times Co. v. Gonzales*, 459 F.3d 160, 166 (2d Cir. 2006). Therefore, the Court finds that it is within its discretion to permit Plaintiff to bring this action as a claim for declaratory judgment and that the purpose of simplifying the litigation arising out of the underlying transactions is served by doing so. Consequently, United's motion to dismiss the declaratory judgment claim will be denied.[3]

    **B.**    **Conspiracy to Commit Conversion**

United also argues that Plaintiff's claim for conspiracy to commit conversion must be

---

[3]The Court notes that its denial of the motion to dismiss with respect to the declaratory judgment action does not indicate that Plaintiff can obtain all of the declarations it seeks or that alternative remedies will not become more appropriate as the case and underlying facts develop. Plaintiff has, however, stated a claim to declaratory relief sufficient to allow the claim to proceed beyond the motion to dismiss stage.

dismissed because Plaintiff has not made out a claim for conversion against United. This appears to the Court to be a misinterpretation of the law of conspiracy. Under Florida law, civil conspiracy requires "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Hogan v. Provident Life & Accident Ins. Co.*, 665 F. Supp. 2d 1273, 1285 (M.D. Fla. 2009) (internal citation omitted). The purpose of civil conspiracy is to impute liability.[4] 15A C.J.S. *Conspiracy*, § 1 (2011); *see also Beck v. Prupis*, 162 F.3d 1090, 1099 n.18 (11th Cir. 1998). To that end, when one conspirator engages in tortious behavior that harms a plaintiff, that plaintiff can then hold all other conspirators liable for that harm without alleging that each of the other conspirators proximately caused the harm. If, as United contends, Plaintiff were required to state a claim for conversion against United in order for United to be liable for conspiracy to commit conversion, there would be no need to use civil conspiracy to impute liability.

In support of its position, United cites several cases which state generally that conspiracy requires an independent act which constitutes the basis of a cause of action. *See, e.g.*, *Czarnecki v. Roller*, 726 F. Supp. 832, 840 (S.D. Fla. 1989); *Williams Elec. Co., Inc. v. Honeywell, Inc.*, 772 F. Supp. 1225, 1239 (N.D. Fla. 1991). These cases do not require, however, that the independent act be committed by each member of the conspiracy. In *Czarnekci*, for example, the court did not dismiss the conspiracy claim against Merrill-Stevens because Merrill-Stevens itself did not commit the underlying wrong but rather because no party committed the underlying wrong. 726 F. Supp.

---

[4] In this respect, civil conspiracy can be contrasted with criminal conspiracy. In the latter, the purpose is not merely to impute liability but to punish the act of the agreement itself. *See* Wayne R. LaFave & Austin W. Scott, Jr., *Criminal Law* § 6.4(d) (2d ed. 1986).

at 840. The court simply concluded that because there was no justifiable reliance to form the basis of a fraudulent misrepresentation claim, there could be no conspiracy to commit fraudulent misrepresentation. *Id.* Unlike in criminal law, even if there was an agreement to commit fraudulent misrepresentation, liability for the conspiracy could only arise if at least one conspirator actually committed the underlying wrongful act. Similarly, in the instant case if no one committed conversion, there could be no liability to any of the defendants for conspiracy to commit conversion. However, so long as a conversion was committed, the liability for that conversion can be imputed to any party meeting the requirements set out above. Thus, even if United is correct in stating that it never exercised "dominion and control" over the vehicle, it can be liable for harms done to Plaintiff by other conspirators who did exercise dominion and control.

Plaintiff has sufficiently pleaded the elements of a conspiracy to commit conversion against United. An agreement between Plaintiff and Navarro can be inferred from the allegations that United assisted Navarro in preparing and filing false documents and conducting a sham auction. These actions also constitute an overt act in furtherance of the conspiracy, and the requisite harm resulting from the conspiracy occurred when Navarro used the false documents to obtain title to the vehicle and have it taken from Plaintiff. Plaintiff need not, as United suggests, allege the terms of the agreement, when it was entered, what benefit United expected to obtain from the conspiracy, or other particularities. It is sufficient to plead, as Plaintiff has done, facts which raise a reasonable expectation that discovery will reveal evidence of the agreement. *See generally Twombly*, 550 U.S. 544. If United has prepared the false documents and conducted the false auction, as the Court must assume it has, it is reasonable to expect that discovery will reveal evidence demonstrating an agreement between United and Navarro to perform these acts with the ultimate objective of

Order Denying Motion to Dismiss
Sonic Momentum B, LP v. Motorcars of Distinction, Inc.
Case No. 11-CV-80591-HURLEY/HOPKINS

converting the vehicle to which the false title was obtained.

### IV. CONCLUSION

In light of the foregoing, the Court will deny United's motion to dismiss. The Court is within its discretion to allow Plaintiff to proceed with a claim for declaratory judgment. Even though the Court might be justified in declining to do so under the circumstances of this case, case law does not dictate this decision. In the "sound exercise of its discretion," the Court is free to allow the case to proceed. *Wilton*, 515 U.S. at 288. Additionally, Plaintiff has stated a claim for civil conspiracy to commit conversion against United. Plaintiff need not state a cause of action for conversion against United to state its claim for conspiracy to commit conversion, and Plaintiff's factual allegations are sufficient to support the agreement element of conspiracy.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that United's motion to dismiss [DE # 13] is **DENIED**.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this 7th day of October, 2011.

                                                Daniel T. K. Hurley
                                                United States District Judge

*Copies provided to counsel of record*